IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAQUEL PÉREZ-VÁZQUEZ, | |
| Plaintiff, | |
| v. | CIVIL NO.: 12-1671(MEL) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION AND ORDER**

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

Raquel Pérez-Vázquez ("plaintiff" or "claimant") was born on February 18, 1962 and has a secondary school education. (Tr. 41; 381.) On February 23, 2009, plaintiff filed an application for Social Security disability insurance benefits, alleging disability beginning on August 20, 2007. (Tr. 12; 14.) The date last insured was September 30, 2011. (Tr. 12.) She had prior work experience as an assembler in the pharmaceutical industry and as a general production worker (Tr. 42.) Claimant's application was denied initially and upon reconsideration. (Tr. 12.) She requested a hearing before an Administrative Law Judge ("ALJ"). Id. She waived her right to appear and testify at the hearing held on August 10, 2010, but was represented by counsel at the hearing and a vocational expert ("VE") testified by telephone at the hearing. Id. The ALJ rendered a decision on August 27, 2010, finding at step four that plaintiff was not disabled because she was capable of performing past relevant work as an assembler in the pharmaceutical industry. (Tr. 19.) The Appeals Council denied plaintiff's request for review on August 17, 2010. (Tr. 1.) Therefore, the ALJ's opinion became the final decision of the Commissioner of Social Security (the "Commissioner" or "defendant"). Id.

On August 16, 2012, plaintiff filed a complaint seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g) and 5 U.S.C. § 706, alleging that defendant's finding that plaintiff was not disabled was not based on substantial evidence. ECF No. 1, ¶¶ 2, 3, 6. Defendant filed an answer to the complaint and a certified transcript of the administrative record. ECF No. 10. Plaintiff and the Commissioner have filed supporting memoranda of law. ECF Nos. 15; 16.

## II.    STANDARD OF REVIEW

The Social Security Act (the "Act") provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." Irlanda-Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). The Commissioner's decision must be upheld if the court determines that substantial evidence supports the ALJ's findings, even if a different conclusion would have been reached by reviewing the evidence *de novo*. Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st. Cir. 1981). The Commissioner's fact findings are not conclusive, however, "when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam).

An individual is deemed to be disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the ALJ concludes that the claimant's impairment or impairments do prevent him from performing past relevant work, the analysis then proceeds to step five. At this final step, the ALJ evaluates

whether the claimant's residual functional capacity ("RFC"),[1] combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that the claimant can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g). Under steps one through four, the plaintiff has the burden to prove that he cannot return to his former job because of his impairment or combination of impairments. Ortiz v. Sec'y of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989) (per curiam). Once he has carried that burden, the Commissioner then has the burden under step five "to prove the existence of other jobs in the national economy that the plaintiff can perform." Id.

## III. RELEVANT MEDICAL EVIDENCE[2]

Plaintiff sought outpatient treatment from the Clínica para el Cuidado y Tratamiento de la Conducta ("ROVICO") for depressed mood, anhedonia, insomnia, anxiety, irritability, lack of energy, diminished concentration and attention span, and isolation between April 27, 2009 and March 30, 2010.[3] (Tr. 519-28; 643-47.) On April 27, 2009, a "medical consultant"[4] from ROVICO completed an mental residual functional capacity ("MRFC") assessment, and explained in Section III of the assessment that: "[Claimant] has a history of significant cardiovascular conditions and severe, recurrent episodes of depression, along with diminished concentration / attention that result in great obstacles to perform competitively in a work setting." (Tr. 528.)

[1] An individual's RFC is the most that he can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1).

[2] In his memorandum of law in support of his appeal to the court, plaintiff does not make any arguments regarding the ALJ's refusal to consider the alleged physical impairment for the purposes of evaluating his disability claim. See ECF No. 15. Therefore, a summary of the physical health evidence has been omitted from this section accordingly.

[3] The ALJ's decision states that claimant sought treatment at ROVICO "since January 14, 2008." (Tr.17.) It is unclear, however, from where in the record the ALJ derived that date.

[4] The actual name of the individual who completed the assessment is not legible. (Tr. 528.)

The first progress note was completed by psychiatrist Dr. José T. Martínez from ROVICO, dated June 2, 2009. Dr. Martínez checked boxes to indicate that claimant has cognitive difficulties in attention and concentration. (Tr. 647.) The record also contains a mental health evaluation completed by psychiatrist Dr. Alberto Rodríguez, who evaluated claimant on a consultative basis on June 4, 2009. (Tr. 138-41.) He found claimant's thought process was slow, logical, coherent, and relevant, but that her attention and concentration were diminished. (Tr. 140.) On June 26, 2009, state agency consulting psychologist Dr. Jeanette Maldonado completed a psychiatric review technique ("PRT") form and an MRFC assessment regarding claimant's mental health condition. (Tr. 549-66.) In the PRT form, she found that plaintiff was moderately restricted in activities of daily living, had mild difficulties in maintaining social functioning, had moderate difficulties in maintaining concentration, persistence, or pace, and had no episodes of decompensation of extended duration. (Tr. 559.) In the summary conclusions section of the MRFC assessment ("Section I"), she concluded that plaintiff was moderately limited in the ability to: 1) understand and remember detailed instructions; 2) carry out very short and simple instructions; 3) maintain attention and concentration for extended period; 4) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; 5) work in coordination with or proximity to others without being distracted by them; 6) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; 7) interact appropriately with the general public; 8) accept instructions and respond appropriately to criticism from supervisors; 9) respond appropriately to changes in the work setting; and 10) set realistic goals or make plans independently of others. (Tr. 563-64.) Dr. Maldonado also indicated that plaintiff was markedly limited in her ability to carry out detailed instructions. (Tr. 563.) In

the functional capacity assessment portion of the MRFC assessment ("Section III"), Dr. Maldonado elaborated on her summary conclusions stating:

> This 47 years [*sic*] old female allegates [*sic*] disability due to physical conditions, can't concentrate and be [*sic*] forgetful. She is on ps/t with ROVICO and to [*sic*] 03/30/2009 they reported psychomotor retardation, depressive mood, tense, poor concentration . . . . Her allegation of can't concentrate [*sic*] and be forgetful is credible, but evidence in the file do not sustain that them [*sic*] disable her.
>
> From the psychological point of view, the [medical evidence] in [the] file indicates that she is able of [*sic*] understand, remember and perform simple tasks within the weekly demands of pace, can concentrate for more than two hours period [*sic*] and sustain tasks effectively, although her depressive reactions.
>
> She can tolerate routine supervision, make [work-related decisions] and interact with peers in an acceptable manner. (Tr. 565.)

On September 25, 2009, claimant had another appointment with Dr. Martínez. He again checked boxes to indicate that she suffered from cognitive difficulties with attention and concentration during that visit. However, in the third physician progress note from ROVICO in the record, dated December 29, 2009, Dr. Martínez did not check boxes to indicate that claimant had cognitive difficulties with attention or concentration. (Tr. 645.) The final treatment entry in the record from ROVICO, dated March 30, 2010 is an "interim prescription refill note" completed by Dr. Martínez, which states that "[t]he patient has reported that he/she is asymptomatic and responding [to] medications without any side effects. The patient has been offered the opportunity to meet with a clinic qualified physician to discuss any / all symptoms present, if any, and he / she has declined such interim evaluation." (Tr. 644.)

## IV.   ANALYSIS

In the case of caption, plaintiff's primary argument is that although the ALJ stated he was giving controlling weight to her mental health treating sources at the ROVICO clinic and great

weight to the opinion of state agency psychologist Dr. Jeanette Maldonado, his RFC determination was not consistent with their opinions of her condition. ECF No. 15, at 2, 4, 5. The ALJ determined that plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(a), but was limited to the performance of simple repetitive tasks. Plaintiff suggests that in reaching this determination the ALJ ignored limitations in her mental health capacity, found by the treating sources at ROVICO and by Dr. Maldonado. Id. Specifically, plaintiff argues that the ALJ's determination of claimant's RFC did not account for her limited ability to: maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, perform at a consistent pace, or accept instructions and respond appropriately to criticism from supervisors. Id. at 15, at 5. She claims that the ALJ did not explain why he chose to disregard those limitations and did not clarify how the relevant medical evidence informed his RFC determination. Id. Thus, because the ALJ's RFC determination and subsequent hypothetical question posed to the VE did not contain all of plaintiff's limitations, claimant argues that the ALJ's disability determination was not supported by substantial evidence.

The specific functional limitations which plaintiff alleges the ALJ ignored derive from Section I of Dr. Maldonado's MRFC assessment. (Tr. 563-64.) "Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment" of the individual who completes it. POMS DI 25010.060 (emphasis omitted); see also Pippen v. Astrue, No. 1:09cv308, 2010 WL 3656002, at *6 (W.D.N.C. Aug 24, 2010), adopted by 2010 WL 3655998 (W.D.N.C. Sept. 15, 2010) ("[A]s provided on the face of the form itself, the criteria found in Section I of the form should be used to provide a more detailed assessment of RFC in Section III of the form."). Thus,

the ALJ was not obligated to include each individual limitation identified by Dr. Maldonado, or by anyone else, in his RFC determination on in his hypothetical question posed to the VE.

The question remains, however, whether the ALJ nonetheless ignored substantial evidence in arriving at his RFC determination or in his ultimate finding that claimant was not disabled. The ALJ explained the weight he gave to both the physicians at ROVICO and to Dr. Maldonado's opinions regarding claimant's mental health condition. In giving controlling weight to the opinions of claimants' physicians at the ROVICO clinic, the ALJ stated "[t]hese records prove that claimant's . . . mental condition is stable with the appropriate prescribed medications and treatment." (Tr. 19.) First, the treatment note from claimant's appointment at ROVICO on December 29, 2009 suggests that she was no longer suffering from the same deficits in attention and concentration that she had been when she first sought treatment for her mental health condition from ROVICO. (Tr. 645.) Moreover, in the final note in the record from ROVICO, Dr. Martínez indicated that claimant was "asymptomatic," responding to treatment without side effects, and that she declined an evaluation at that time. (Tr. 644.) By definition asymptomatic denotes lack of symptoms. It was reasonable for the ALJ to conclude from this characterization of claimant's condition from her treating psychiatrist that the effects of claimant's mental health condition were managed with treatment, and no additional limitations were warranted in the RFC determination. There is no indication from the ALJ's decision that he ignored substantial evidence in reaching his conclusion that claimant's mental condition was stable. To the contrary, the ALJ acknowledged that claimant was rated with marked limitations in her ability to understand, remember, sustain concentration and persistence, interact socially, and adapt. (Tr.18.) He further acknowledged her diagnosis of recurrent major depressive disorder

7

from ROVICO. Id. From the progression of her treatment notes, however, the ALJ ultimately concluded that claimant's condition was stable, which was supported by the record.

With regard to Dr. Maldonado's opinion, the ALJ stated that he fully agreed with her opinion, including her conclusion that "the claimant's allegations that she cannot concentrate and is forgetful are credible, but the evidence on the file does not sustain that these allegations disable the claimant." Id. The ALJ directly considered and agreed with Dr. Maldonado's conclusions regarding claimant's RFC from Section III of the MRFC assessment, that "despite her depressive reactions, the claimant is able to understand, remember, and perform simple tasks within the weekly demands of pace, can concentrate for more than two-hour periods and sustain tasks effectively, and can tolerate routine supervision, make work-related decisions, and interact with peers in an acceptable manner." (Tr. 19.) Contrary to what plaintiff argues, the ALJ's decision evinces that he closely considered Dr. Maldonado's opinion regarding claimant's limitations. As with the evidence in the record from ROVICO, plaintiff has not shown that that the ALJ ignored substantial evidence with regard to Dr. Maldonado's assessment in reaching the RFC determination.

The VE testified that an individual with the limitations included in the RFC determination "could perform the job of [a]ssembler." (Tr. 43.) The ALJ relied on this testimony to conclude that claimant could perform past relevant work as an assembler. Claimant points out that upon being asked by claimant's attorney an additional hypothetical question based on individual functional limitations identified by Dr. Maldonado, the VE stated "with so many moderate limitations, more than ten, that person, in terms of their occupational effectiveness, is severely limited and would not be able to fulfill with [*sic*] any of the expectations of the employer." ECF No. 15, at 14 She also points out in her memorandum that the VE stated that

employment as an assembler requires "good concentration and maintain[ing] a good rhythm of work, not wavering, in order to meet a production quality standard." Id. Claimant does not explain how or why these statements undermine the ALJ's RFC determination, upon which his disability conclusions are based. Instead, she repeats the argument that that RFC determination did not account for specific functional limitations checked off in Section I of Dr. Maldonado's MRFC assessment, and that the ALJ failed to "clarify how the relevant medical evidence informed his total [RFC] determination" for light work limited to simple repetitive tasks. ECF No. 15, at 15.

Neither of claimant's arguments prevails. First, the ALJ did not need to include each individual limitation specified in Section I of Dr. Maldonado's MRFC assessment in his RFC determination or in the hypothetical question posed to the VE. Nor was he under any burden to rely on the VE's response to the attorney's hypothetical, which did specifically include said limitations. Furthermore, the fact that the VE pointed out that the position of an assembler requires the ability to concentrate does not undermine the ALJ's conclusion. Although there may appear to be some tension between the VE's statement that an assembler position requires good concentration and the medical evaluations in the record indicating that plaintiff had difficulties in maintaining attention and concentration, this does not constitute reversible error. As previously discussed, the ALJ did not ignore substantial evidence regarding claimant's mental health condition in arriving at the RFC determination. He weighed the medical evidence in the record and acknowledged claimant's past difficulties maintaining attention and concentration, but came to the conclusion that with treatment claimant could perform occupational duties consistent with his RFC determination. Substantial evidence in the form of the final two treatment notes (Tr.

644-45.) from Dr. Martínez, claimant's treating psychiatrist at ROVICO, supports this conclusion.

V.  **CONCLUSION**

Ultimately, the Commissioner's decision must be affirmed "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortíz, 955 F.2d at 769. In this case, the treatment notes from ROVICO coupled with Dr. Maldonado's assessment are adequate to support the ALJ's conclusion regarding claimant's mental health RFC, from which the ALJ constructed his hypothetical question to the VE and found that she could perform past relevant work. Based on the foregoing analysis, the court concludes that the decision of the Commissioner was based on substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of March, 2014.

<div style="text-align: right;">
s/Marcos E. López<br>
U.S. Magistrate Judge
</div>